IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| OWEN ROBINSON #34920-037 | : | |
|     Petitioner | : | |
| | : | |
|     v. | : | Civil Action No. WDQ-04-3093 |
| | : | |
| UNITED STATES OF AMERICA | : | |
|     Respondent | : | |

o0o

**MEMORANDUM**

Pending is a Motion for the Return of Property under Fed. R. Crim. P. 41(g), filed by a federal prisoner, which has been construed as a civil action for return of property pursuant to 28 U.S.C. §1331. *See United States of America v. Jones*, 215 F.3d 467, 469 (4th Cir. 2000). The property at issue, found in various locations, was seized by agents of the Drug Enforcement Agency {"DEA") pursuant to a warrant following a wiretap investigation involving drug trafficking in Baltimore City. Petitioner was indicted and subsequently convicted of conspiracy to distribute more than five kilograms of cocaine and sentenced to ten years incarceration. As a condition of his plea, he agreed to deportation upon completion of his sentence. *See United States v. Owens*, Criminal No. 01-573 (D. Md.), plea and sentencing of April 26, 2002.

On September 27, 2004, after the conclusion of all criminal proceedings against him, Petitioner filed his motion in this Court, seeking the return of: (1) a computer system; (2) a floppy disk; (3) cassette tapes; (4) a CD-Rom disk; (5) a Canon digital camera; (6) a lady's Seiko watch; (7) a man's Citizen watch; (8) an HP desk top computer; (9) Sony 8mm tapes; (10) a 10-picture Kodak CD-Rom; (11) a birth certificate of Krystal Robinson; (12) a birth certificate of Ra'Shawnda Robinson; (13) a birth certificate of Carol Robinson; (14) a birth certificate of Shaquan Kinard; (15) Petitioner's passport and "Green Card;" and

(16) more than 400 photographs. Paper No. 1 at 1-2. The Government has filed a Response and a supplement thereto. Paper Nos. 6 and 10. The parties disagree as to the items seized and further dispute whether certain items should be returned.[1] Nonetheless, a hearing is not required to resolve the question of entitlement to certain property in this case. *See* Local Rule 105.6

When a return of property motion is filed after criminal proceedings have terminated, "the person from whom the property was seized is presumed to have a right to its return." *See United States v. Chambers*, 192 F.3d 374, 377 (3rd Cir. 1999). Nonetheless, the individual petitioning the court for relief bears the burden of establishing a prima facie case of entitlement to the property. *See United States v. Maez*, 915 F.2d 1466, 1468 (10th Cir. 1990). A petitioner can establish a prima facie case through a showing that the property was taken from his possession. *Id*.

Once a petitioner makes a prima facie case of lawful entitlement, the burden shifts to the Government to demonstrate that it has a legitimate reason to retain the property or to show that the property is not in its possession. *See United States v. Chambers*, 192 F.3d at 377. The Government "must do more than state, without documentary support, that it no longer possesses the property at issue."[2] *See id*. at 377-78. Instead, affidavits or other admissible evidence must be offered in support.

In his unverified complaint, Petitioner admits that one of the two personal computers and some personal documents have been returned to a family member, but claims that the other items remain in the

---

[1] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 314 (4th Cir. 1975), the Clerk on March 2, 2005, informed Petitioner that Respondent had filed a dispositive motion; that Petitioner had seventeen days in which to file written opposition to the motion; and that if Petitioner failed to respond, summary judgment could be entered against him without further notice. (Paper No. 7). Petitioner has chosen not to respond.

[2] In other words, a petitioner's motion may not be defeated with unsworn denials of possession. *See United States v. Ramirez*, 260 F.3d 1310, 1314 (11th Cir. 2001).

custody of the Government.  The Government, by way of an affidavit submitted by Drug Enforcement Administration Agent Lawrence A. Baumeister, admits that some of the items are in its possession, but claims that other items -- such as the watches and various passports -- were never in its control, and that other items[3] were turned over to Petitioner's designee prior to trial.  The Government also indicates that other items will be turned over to Petitioner's designee.[4]  Other items, however, that were used as exhibits in the criminal prosecution or which may be used for criminal activity, including: tally sheets representing revenue and debts from drug transctions; an electric money counter; two Uniden police scanners; three scales; and ammunition, will not be returned.[5]

Petitioner has not contested Respondent's affidavit and offers no support suggesting that certain items were in fact taken from his possession and that other items, apparently related to drug transactions, should be returned to him.  Accordingly, a separate Order shall be entered granting  Petitioner's motion for return of property in part to allow his designee to pick up certain items of property delineated herein, but otherwise denying and dismissing same.

\_June 8, 2005  　　　　　　　　　　　　　_____/s/_____
Date                                                                William D. Quarles, Jr.
                                                                       United States District Judge

---

[3] Respondent contends that the following items were returned to Petitioner's common law wife at the time he entered his guilty plea: photographs; a digital camera; two photo albums; several groupings of miscellaneous financial documents; a box of sandwich bags; miscellaneous photographs; a plastic shopping bag; and an INS permanent residence card.  Paper No. 6 at 1-2 and Paper No. 9 at 2.

[4] Petitioner's designee may pick up: an undeveloped roll of film; a computer CPU; and several groupings of miscellaneous documents by contacting Agent Baumeister at 410-244-3477.

[5] In his plea agreement, Petitioner agreed to deportation after he has served his sentence. Accordingly, Respondent will not return Petitioner's INS Permanent Residence Card ("green card").